IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKY LYNN FABRY
ADC # 82481                                                                                               PLAINTIFF

V.                                    CASE NO. 5:10CV00298 BSM/BD

RAY HOBBS, *et al.*                                                                                  DEFENDANTS

RECOMMENDED DISPOSITION

I.    **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.   Introduction:**

On October 7, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his Complaint in this action under 42 U.S.C. § 1983 (docket entry #2). In his Complaint, Plaintiff alleges that he was improperly disciplined for the possession of contraband and for disobeying a staff member. Plaintiff claims that he is innocent and that there was not sufficient evidence to find him guilty of the offenses changed. Further, Plaintiff states that Defendant Fitzpatrick violated ADC policy by failing to articulate the facts proving his guilt. As a result of the disciplinary conviction, Plaintiff's classification was reduced; he was sentenced to thirty (30) days of punitive isolation; and his parole date was rescinded.

Plaintiff requests money damages and names as Defendants: Director Ray Hobbs, Officer James Gibson, Warden Gaylon Lay, Officer Keith Waddle, and Officer Merlin Fitzpatrick.

Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. Accordingly, the Court recommends that Plaintiff's claims be dismissed with prejudice.

**III.   Discussion:**

A.   Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Although detailed factual allegations are not required, the complaint must contain sufficient factual

matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

Pro se complaints are to be liberally construed, but they still must allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.   Due Process

In order to prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

Here, Plaintiff alleges that as a result of the disciplinary conviction, he was sentenced to thirty days in punitive isolation, his class status was reduced, and his parole date was rescinded. Unfortunately for Plaintiff, he has failed to identify any

constitutionally protected liberty interest. Without an underlying liberty interest, his due process claim fails.

The Eighth Circuit has held that placement in punitive isolation for relatively short intervals, including the temporary suspension of privileges while so confined, does not constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. See *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

Further, Plaintiff has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interest in

particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D. Ark.1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Finally, Plaintiff has no liberty interest in parole. The Due Process Clause itself does not create a protected liberty interest in the possibility of parole or release before the expiration of a validly imposed sentence. See *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) and *Hamilton v. Brownlee*, 237 Fed. Appx. 114, *1 (8th Cir. 2007) (unpub. per curiam) (inmate had "no constitutionally protected liberty interest in the possibility" of parole after parole board rescinded "an initially favorable parole decision"). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole; thus the statutes do not establish any right to release on parole that would trigger due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984).[1]

---

[1] In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest

C.     Failure to Follow ADC Policy

In his complaint, Plaintiff also alleges that Defendant Fitzpatrick violated Administrative Directive 08-87 by failing to specifically state the facts "that prove any actions by [Plaintiff] constituted the violation for which he was charged and punished." (#2 at p.5)  Even if this is true, the failure to follow ADC policy or procedure falls short of stating a constitutional claim.  See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violation of prison policy).  Accordingly, this claim also fails.

IV.    **Conclusion:**

The Court recommends that Plaintiff's claims be dismissed with prejudice. Further, the Court recommends that this dismissal count as a strike under 28 U.S.C. § 1915(g) and that the District Court find that an *in forma pauperis* appeal from this dismissal would be frivolous and would not be taken in good faith.

DATED this 12th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

in parole. *Id*. at 661.  The Court held that due process required the Board to provide more than "boiler plate" language in denying a parole request. *Id*. at 662.  The Board revised its regulations after the Court's decision in *Parker*.